**DGW KRAMER LLP**
Katherine Burghardt Kramer, Esq.
*pro hac vice to be filed*
*kkramer@dgwllp.com*
One Rockefeller Plaza, Suite 1060
New York, NY 10020, United States
(917) 633-6860 phone
(917) 633-6183 fax
**Lead counsel for Certain Defendants**

**LOPEZ, BARK & SCHULZ LLP**
Joseph R. Wilbert, Esq. (SBN 270792)
*jwilbert@lbslawyers.com*
300 Spectrum Center Drive, Suite 1550
Irvine, California 92618
(949) 383-9585 phone
(714) 242-1544 fax
**Local counsel for Certain Defendants**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY'S BEST, INC.,<br><br>Plaintiff.<br><br>v.<br><br>THE FACEBOOK ADVERTISERS LISTED ON SCHEDULE A,<br><br>Defendants. | Case No. 3:23-cv-04716<br><br>**CERTAIN DEFENDANTS' PRELIMINARY OPPOSITION TO EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, AND REQUEST FOR BRIEFING SCHEDULE**<br><br>Hearing Date: Sept. 26, 2023<br>Hearing Time: 9:00 a.m.<br>Location: Zoom<br>Judge: Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

Plaintiff Betty's Best Inc. ("Plaintiff") has filed an *ex parte* motion for a preliminary restraining order ("Motion") that significantly overstates its case in an attempt to obtain unjustified emergency relief. Defendants 2414, 2370, 2429, 2427, 2198, 2208, 2213, 2368, 2315, 2188, 2209, 2179, 2434, 2459, 2462, 1840, 2387, 2410, 2435, 1524, 2071, 2220, 2211, 1507, 2448, 2272, 2403, 2347, 473, 2047, 2197, 2384, 1529, 2418, 393, 2470, 2386, 2369, 2400, 1531, 2379, 2457, 2392, 2402, 1645, 574, 575, 1863, 1530, 1826, 1827, 1858, 28, 2382, 2304, 2411, 1551, 2300, 2331, 2380, 2415, 1488, 2421, 2199, 2303, 557, 1856, 1424, 43, 2422, 2390, 552, 2365, 603, 273, 26, 1498, 474, 2340, 1742, 1546, 48, 2468, 2469, 2465, 82, 1616, 2148, 2169, 66, 2447, 2423, and 2451, as identified in Schedule A to the Complaint [DE 1-1] ("Defendants") respectfully request that the Court either deny the Motion outright or continue the final hearing on the Motion and set a briefing schedule to allow these Defendants to submit a full opposition.

Contrary to Plaintiff's rhetoric, Defendants are not "fraudulent scam" websites, which can and must be restrained without an opportunity to defend themselves. Rather, Plaintiff cannot meet the standard for urgent relief, and Defendants have several viable defenses on jurisdiction and on the merits.

By filing this document, Defendants do not accept service in this action nor do they consent to jurisdiction. Rather, they expressly preserve and reserve all rights, and summarize the anticipated bases for their opposition to the Motion to provide the Court with preliminary guidance on the issues that are likely to arise in adjudicating this Motion.

## II. LEGAL STANDARD

As this Court has recognized, "[a] TRO is an 'extraordinary remedy' that should only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Zhang v. Twitter Inc.*, No. 23-CV-00980-JSC, 2023 WL 3919546, at *1 (N.D. Cal. June 8, 2023), appeal dismissed, No. 23-15868, 2023 WL 5984293 (9th Cir. June 28, 2023) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A court considers four

factors before granting a TRO: (1) whether the applicant is likely to succeed on the merits of the action; (2) whether the applicant is likely to suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of the equities tip in the applicant's favor; and (4) that an injunction is in the public interest. *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

## III. DISCUSSION

This case does not justify an "urgent" *ex parte* temporary restraining order. The only theoretically urgent request by Plaintiff is for a preliminary asset freeze, but Plaintiff has already obtained that relief in a related action. Namely, in *Betty's Best, Inc. v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Case No. 1:23-cv-22322-KMW (S.D. Fla.) (the "Florida Action'), Plaintiff obtained a temporary restraining order against all the Defendants filing this opposition—and indeed, many or all of the defendants in this action. That order contains an asset freeze of over $20 million and remains in place. *See* Declaration of Joel Rothman in support of Motion, Ex. 1 and 2 (DE 16-9, DE 16-10).

Preliminarily, the Court should reject Plaintiff's assertion that "The court in the SDFL Action already made the same determination plaintiff seeks here." (DE 27 ¶ 14.) In the Florida action, Plaintiff moved for and received an *ex parte* restraining order, without notice to Defendants and based on the same overstatements Plaintiff makes here. Thus, Defendants here have not yet had an opportunity to substantively oppose it. In the Florida action, Defendants agreed to extend the TRO as to Defendants and requested that the Court continue the hearing on Plaintiff's motion for preliminary injunction. The Magistrate Judge recommended granting that request, and set a briefing schedule and a hearing on October 18, 2023. *See* Florida Action, Document 80, Report And Recommendation On Plaintiff's Motion For Preliminary Injunction As To Certain Defendants And Continuation Of Preliminary Injunction Hearing As To Certain Defendants.

Relatedly, the theory that Defendants must be secretly enjoined is moot. Defendants are present, represented by counsel, and prepared to defend their conduct on the merits.

Indeed, if the Court does not outright deny the Motion, Defendants respectfully request an opportunity to fully brief and oppose it. Defendants are working diligently, despite international clients and language barriers, to get up to speed on the legal and factual issues of this case, and the "no-notice, emergency" basis of the present hearing does not afford sufficient time to do so. Defendants only learned about the Motion on September 19, 2023, when Plaintiff's counsel informed Defendants' lead counsel of this pending action and this Motion. Both this action and the Florida action present complicated factual and procedural issues, including concerns about due process and access to justice, jurisdiction under the Hague convention, and questions of copyright, trademark, and patent law. Defendants respectfully request that the Court set a reasonable briefing schedule with at least 14 days for Defendants to submit an opposition.

Defendants expect to present the following issues to the Court in a fully-briefed opposition to the Motion. While this discussion is necessarily preliminary, Defendants have numerous meritorious responses in opposition to the Motion, and principles of due process entitle Defendants an opportunity to be fully heard on these issues, particularly where Plaintiff cannot show an urgent need for relief.

<u>First</u>, this Court lacks personal jurisdiction over Defendants. Defendants have no ties to the Northern District of California, and no ties have been alleged. Defendants are not located in the Northern District of California, but are based overseas, including in China. The only apparent nexus to the District is that non-party Meta Platforms, Inc.'s headquarters are located here. The mere fact that Defendants advertise through Meta—a company with worldwide operations and offices in China and throughout Asia—does not suffice to haul Defendants into court here. From Defendants' preliminary investigation, it appears that Defendants may have done business with a Hong Kong subsidiary of Meta, not with the California headquarters of Meta. Plaintiff has not alleged or provided any

evidence that these overseas Defendants conducted business with Meta in California. Indeed, Plaintiff does not allege that Defendants made substantial sales into California or specifically targeted California consumers. Thus, there is no personal jurisdiction here.

Second, alternatively, venue is improper in this Court. Plaintiff is based in Santa Ynez, California, within the Central District of California. And in another action Plaintiff filed, the court dismissed the action and transferred it to the Central District of California, on the basis that no parties had demonstrable ties to the Western District of Texas. *See Betty's Best, Inc. v. Yuyao Aggpo Elec. Tech. Co., LTD*, No. 1:22-CV-1078-RP, 2022 U.S. Dist. LEXIS 225705, at *4-*5 (W.D. Tex. Dec. 15, 2022) (transferring action to Central District of California) ("Neither the Plaintiff nor the Defendants have a sufficient connection to the Western District of Texas. Plaintiff Betty's Best, Inc. is a California corporation and its principal place of business is in Santa Ynez, California…. Nor do any of the Defendants appear to have connections with the Western District of Texas.").

Third, even setting aside that this case is duplicative of the Florida action, Plaintiff cannot establish a likelihood of success on the merits. For instance, Plaintiff overstates its supposed design patent rights. While Plaintiff claims rights to "the ornamental design for a horse or pet grooming tool, as shown and described [in the patent]" Plaintiff's advertising touts the functional aspects of the design. *See* Exhibit 1 ("The unique all-in-one design offers unlimited convenience to groom, curry, shine, shed, shampoo, slick, and massage.").[1] Thus, the design patent is likely invalid, and Defendants did not infringe it. *See Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996) ("[I]f the design claimed in a design patent is dictated solely by the function of the article of manufacture, the patent is invalid because the design is not ornamental."). Moreover, while Plaintiff makes shotgun allegations of trademark and copyright infringement against all Defendants, Plaintiff fails to show that these Defendants actually used the trademarks or

[1] https://striphair.com/products/striphair-gentle-groomer-original (last accessed 9/25/2023). "In general, websites and their contents may be judicially noticed." *Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020).

copyrights at issue in an actionable way. Even further, Defendants have potentially viable defenses that the trademarks and copyrights at issue are not protectable, such as "THE GENTLE GROOMER" mark being at best descriptive and subject to fair use, as well as possible defenses such as laches and unclean hands. *See, e.g.*, *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (generic marks are not protectable, and merely descriptive marks are only protectable if they have acquired distinctiveness).

Fourth, Plaintiff cannot show they will likely suffer irreparable harm without a temporary restraining order. As Plaintiff admits, it has already restrained over $20 million from certain defendants' PayPal Counts, including funds of the Defendants here which appear to dramatically exceed any potential profits or revenue from alleged acts of infringement. *See* DE 16-9, DE 16-10. Indeed, Plaintiff states that its own total revenue from relevant products in 2021 was $1.6 million. Plaintiff disingenuously claims the excessive asset freeze somehow shows large-scale fraud, but omits that Defendants advertise and sell numerous different types of products. The funds, if any, in Defendants' Facebook advertising accounts are likely unrelated to any relevant sales, and Plaintiff has not carried its burden to show otherwise. Moreover, Defendants' counsel has informed Plaintiff's counsel that Defendants are willing to deactivate the webpages featuring relevant products. Thus, the existing overbroad asset freeze amply protects Plaintiff, and a further restraint here is not necessary to prevent irreparable harm. Defendants will challenge the existing overbroad asset freeze in the Florida action, but that is a matter for the Florida court to decide.

Fifth, Plaintiff cannot show that the balance of equities favors a restraint here. As stated, the existing asset freeze amply protects Plaintiff. But in contrast, Defendants are already severely hamstrung by the freezing of vast amounts of their assets in the Florida action, and any further restraint would cause additional harm to already severely restrained parties. This could jeopardize the business operations of Defendants which, as mentioned, sell a vast number of products entirely unrelated to anything alleged by Plaintiff.

Sixth, Plaintiff cannot show that the public interest favors a temporary restraining order. The existing restraining order in the Florida action already exists and a competing restraint here would only confuse the issues. Worse, imposing a restraint could remove Defendants' businesses from participating in commerce, resulting in a lower availability of products, higher prices, reduced competition, and reduced consumer selection. Moreover, considerations of international comity would be harmed by restraining foreign entities in an unnecessary way.

Seventh, Plaintiff has not properly served Defendants. Plaintiff filed a motion for alternative service (DE 21) that has not been granted. Defendants are filing a separate opposition to the motion for alternative service.

Eighth, the doctrine of *forum non conveniens* may warrant dismissal of this action. It would be unreasonably burdensome to require thousands of overseas Defendants to litigate this action in California, as they have no ties to California, and relevant witnesses and evidence all exist overseas.

Ninth, the Motion should be denied because it seeks relief primarily against a non-party and appears to be a blatant end-run around normal discovery procedures. The relief sought may also cause harm to the business operations of Meta, a non-party. The substantive claims in the Complaint are for intellectual property infringement, yet the relief sought in the Motion is targeted almost exclusively at Meta (although it affects Defendants' substantive rights as well).

Tenth, while the Court should not grant any temporary relief, if it does so it should require that Plaintiff post a sizeable bond.

## IV. CONCLUSION

Accordingly, Defendants respectfully request that the Court either deny the Motion or continue the hearing and allow an opportunity for full briefing.

.

Dated: September 25, 2023

LOPEZ, BARK & SCHULZ LLP

By: **/S/ *Joseph R. Wilbert***

Joseph R. Wilbert
Counsel for Defendants Nos. 2414, 2370, 2429, 2427, 2198, 2208, 2213, 2368, 2315, 2188, 2209, 2179, 2434, 2459, 2462, 1840, 2387, 2410, 2435, 1524, 2071, 2220, 2211, 1507, 2448, 2272, 2403, 2347, 473, 2047, 2197, 2384, 1529, 2418, 393, 2470, 2386, 2369, 2400, 1531, 2379, 2457, 2392, 2402, 1645, 574, 575, 1863, 1530, 1826, 1827, 1858, 28, 2382, 2304, 2411, 1551, 2300, 2331, 2380, 2415, 1488, 2421, 2199, 2303, 557, 1856, 1424, 43, 2422, 2390, 552, 2365, 603, 273, 26, 1498, 474, 2340, 1742, 1546, 48, 2468, 2469, 2465, 82, 1616, 2148, 2169, 66, 2447, 2423, 2451