Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Michael C. Bleicher, Bar No. 313892
MBleicher@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile: +1.202.654.6211

Attorneys for Non-Party META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BETTY'S BEST, INC.,

Plaintiff,

v.

THE FACEBOOK ADVERTISERS LISTED ON SCHEDULE A,

Defendants.

Case No. 23-cv-04716-JSC

**NON-PARTY META PLATFORMS, INC.'S PRELIMINARY OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Date: September 26, 2023
Time: 9:00 a.m.
Courtroom: Courtroom 8–19th Floor
Judge: Hon. Jacqueline Scott Corley

**NON-PARTY META PLATFORMS, INC.'S PRELIMINARY OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Non-Party Meta Platforms, Inc. ("Meta") hereby provides this preliminary opposition to Plaintiff Betty's Best, Inc. ("Applicant") *ex parte* Motion for a Temporary Restraining Order, ECF No. 16 ("Motion").

Plaintiff claims that the Defendants in its action are "distributing goods bearing counterfeits and confusingly similar imitations of Plaintiff's intellectual property" via advertising on the Facebook platform operated by Meta. Motion at 1. Plaintiff seeks a temporary restraining order ("TRO") that requires non-party Meta, without any advance notice to Defendants, to:

1. "[F]reeze defendants' assets held in their Facebook Advertising accounts during the pendency of this case, and provide information to plaintiff showing the amount of funds in those accounts and identify any PayPal accounts defendants use to fund those accounts"; and

2. "[P]roduce to plaintiff on an expedited basis information sufficient to show the identities of the 592 Facebook advertisers (i.e. their names, email addresses, physical addresses, and telephone numbers) listed in Exhibit 1 to the declaration of Sarah Owen reproduced below, and sufficient to show the amount of funds in the defendants' advertiser accounts and the PayPal accounts defendants use to fund those accounts."

ECF 27-2 at 7-8.[1] In the alternative, "if Meta objects to providing this information," Plaintiff seeks "leave to serve a subpoena to Meta to obtain this information on an expedited basis, and plaintiff and Meta shall meet and confer concerning any objections thereto, after which any remaining disputes will be heard and determined by the Court." *Id.*

[1] Plaintiff previously asked the Court to "freeze the operation of defendants' Facebook accounts, pages, and advertising accounts" and ensure that defendants are "prohibited from placing or sponsoring advertising that uses Plaintiff's copyrighted Works, the HOPGT Design Patent, or the Betty's Best Marks, or any confusingly similar trademarks, or engaging in false advertising, false designation or origin, or unfair competition." ECF No. 18-1 at 6-7. However, in a Supplement to the Motion, Plaintiff concedes that this request is inappropriate and has withdrawn it. ECF No. 27 at 2 n.1 ("Plaintiff agrees that at this stage Facebook should not be required to police the content of defendants' advertising or Facebook pages in advance, and that relief of that nature is inherently problematic.").

On Friday, September 22, 2023, Meta's counsel conferred with Plaintiff's counsel to better understand the relief Plaintiff seeks. That day, and over the weekend, Plaintiff's counsel provided Meta with voluminous additional information relating to the relief sought and the hundreds of purported Facebook Advertising accounts at issue. On September 24 and 25, Plaintiff also submitted a Supplemental Motion and additional filings to the Court. ECF Nos. 27-28. Meta is reviewing the information provided by Plaintiff to see if an informal resolution can be reached.

However, in light of the numerous and complex issues raised by Plaintiff's requested relief, and the vast amount of information recently provided to Meta, Meta respectfully requests that, before ruling on the Motion, the Court set a briefing schedule that provides Meta with sufficient time to attempt to resolve this matter informally and, if necessary, respond fully to the Motion before its rights are adjudicated.

At this time, Meta does not oppose the issuance of early discovery in the form of a non-party subpoena, but it reserves all rights and objections to any subpoena that it receives. However, if an informal resolution is not reached, Meta intends to oppose the Motion on numerous other grounds, including the following:

- **Meta was not in active concert or participation with Defendants.** Courts may bind only non-parties who were "in active concert or participation" with the subject of a TRO or preliminary injunction. Fed. R. Civ. P. 65(d)(2)(C); *see, e.g.*, *Consumer Opinion LLC v. Frankfort News Corp*, No. 16-CV-05100-BLF, 2016 WL 6804607, at *5 (N.D. Cal. Nov. 17, 2016) (denying application for TRO directed to non-party that was "not a party to this action" where Plaintiff "has not argued, let alone established, that [non-party company] is in active concert with Defendants."); *Wahoo Int'l, Inc. v. Phix Dr., Inc.*, No. 13CV1395-GPC BLM, 2014 WL 2106482, at *6 (S.D. Cal. May 20, 2014) (same). However, Plaintiff does not allege or provide evidence that Meta has taken *any* actions in connection with Defendants' accused conduct. *See, e.g.*, *Blockowicz v. Williams*, 630 F.3d 563, 568 (7th Cir. 2010) (a nonparty service provider's technological ability to enforce an injunction does not mean it is "in active concert or participation" with user who is violating an injunction). In fact, Plaintiff alleges that Defendants' conduct is contrary to Meta's advertising policies. ECF 16 at 10.[2]

[2] Plaintiff's Supplement to its Motion cites additional authority that Plaintiff claims supports its position that the Court may use a TRO to direct a non-party to freeze a defendant's assets. *See*

- **Plaintiff improperly seeks to obtain discovery from non-party Meta via a TRO.** Non-party discovery from Meta should be obtained through a subpoena that complies with Fed. R. Civ. P. 45(d). *See* Fed. R. Civ. P. 45; *Bryant v. Gallagher*, No. 1:11-CV-00446-LJO, 2014 WL 1276475, at *2 (E.D. Cal. Mar. 27, 2014) (a Rule 45 subpoena is the only discovery method by which information may be obtained from a third party). Although Plaintiff seeks early discovery, it improperly demands that Meta produce identifying information and other evidence as part of the TRO.[3] Notably, any subpoena for user data should be directed to Meta Platforms, Inc., and any subpoena for payment data should be directed to Meta Payments, Inc.

- **A TRO asset freeze is already in place.** Meta understands that an asset freeze order is in place in the Southern District of Florida action, so it is unclear why Defendant needs a TRO in this proceeding. ECF No. 27 at 6 ("**The court in the SDFL Action already made the same determination plaintiff seeks here.** Filed at ECF 16-8 and 16-7 respectively are the Report and Recommendation and Order granting the TRO entered in the SDFL Action that ordered the assets of many of the same defendants held by online marketplaces and payment

---

ECF No. 27 at 5-7 (collecting cases). However, all of the decisions Plaintiff cites are findings against defendants. *See id*. Further, although some of the orders reach third parties, none addresses whether a non-party who was not in active concert or participation in fact may be bound by a TRO. *See id*. In fact, one decision expressly declines to undertake the analysis. *See id.* at 7 (citing *Homeland Housewares, LLC v. Euro-Pro Operating LLC*, No. CV 14-03954 DDP MANX, 2014 WL 4449922, at *4 (C.D. Cal. Sept. 10, 2014)). Likewise, no authority in the Supplement to the Motion establishes that mere personal jurisdiction is sufficient to form the basis of a TRO freezing assets against a non-party. *See id.* at 5. *Gucci Am., Inc. v. Weixing Li* only notes that "before any finding of liability or sanction against a non-party…questions of personal jurisdiction may be properly raised," and that until this finding, a court may only issue an injunction "requiring *a party before it* to refrain from moving assets during the pendency of the proceedings." 768 F.3d 122, 130 (2d Cir. 2014) (citations omitted) (emphasis added). And *United States v. First Nat. City Bank* addresses a fact-specific analysis regarding whether a court had jurisdiction over a defendant bank's foreign branch office without addressing the propriety of a TRO against a non-party who was not in active concert or participation. 379 U.S. 378, 384 (1965).

[3] Plaintiff also appears to have withdrawn its demand for "historical advertising." *See* ECF Nos. 27, 27-2. Indeed, neither a TRO nor a subpoena would permit Meta to disclose that "historical advertising" that Defendants removed. The federal Stored Communications Act ("SCA"), 18 U.S.C. § 2702, does not permit private parties to compel production of the content of an account holder's electronic communications from service providers such as Meta by service of legal process or court order. 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(9); *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (non-governmental entities may not obtain communications content with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."). To the extent the information is public, Defendant can obtain the information itself.

processors such as PayPal frozen pending a hearing on plaintiff's motion for preliminary injunction.") (emphasis in original). The court in that action declined to expressly include Meta in its order, as Plaintiff had not made a sufficient showing it was entitled to information from Meta. *See* ECF 16-8 at 13.

- **Meta should be allowed to notify the account holders.** Meta also understands that over 50 Defendants are already aware of this TRO proceeding, which is public. Given this, there is no possibility of harm stemming from user notice, and Meta should be able to give its standard 21-days' user notice of any subpoena it receives before producing any information in response. *See, e.g.*, *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1096 (N.D. Cal. 2012) (conclusory arguments and statements do not justify entering TRO without notice to defendants accused of trademark infringement; movant "must show that defendants would disregard a court order and dispose of the goods within the time it would take for a hearing" via evidence "that [defendant] has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history."). The affected account holders should have the right to move to quash disclosure of their information.

Given these substantive issues, Meta respectfully requests that the Court either deny the Motion or set a briefing schedule that allows sufficient time to resolve or brief the issues before the Court reaches a ruling.

Dated: September 25, 2023

**PERKINS COIE LLP**

By: s/ *Julie E. Schwartz*
Julie E. Schwartz, Bar No. 260624
Michael C. Bleicher, Bar No. 313892

Attorneys for Non-Party META PLATFORMS, INC.