UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY'S BEST, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE FACEBOOK ADVERTISERS LISTED ON SCHEDULE A, et al.,<br><br>    Defendants. | Case No. 23-cv-04716-JSC<br><br>**ORDER ON EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, ASSET FREEZE ORDER, EXPEDITED DISCOVERY ORDER, AND PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 16 |

Now pending before the Court is Plaintiff's ex parte motion for a temporary restraining order, asset freeze order, expedited discovery order, and preliminary injunction. (Dkt. No. 16.)[1] The Court, having reviewed Plaintiff's submission, GRANTS Plaintiff leave to subpoena Meta Platforms, Inc. (Meta) as set forth below and DENIES the rest of Plaintiff's motion without prejudice.

    1. Plaintiff has established "good cause" exists for it to serve a third-party subpoena on Meta. *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008) (applying a "good cause" standard to permit expedited discovery).

    2. Plaintiff may serve Meta with a Rule 45 subpoena commanding Meta to provide Plaintiff with the identifying information of the 592 Facebook Advertisers, including their names, email addresses, telephone numbers, and physical addresses if available. Plaintiff shall attach to any such subpoena a copy of this Order.

    3. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

served on Meta for the purpose of protecting and enforcing Plaintiff's rights in this action as set forth in its ex parte motion and supplement. (Dkt. Nos. 16, 27.)

6. **Meta shall serve a copy of the subpoena and a copy of this Order on Defendants within 21 days of the date of service on Meta.** Meta may serve Defendants using any reasonable means, including written notice sent to the Advertiser's last known address, transmitted either by first-class mail or via overnight service.

7. Each Defendant and Meta shall have **30 days** from the date of service upon him, her, or it to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If the 30-day period lapses without the Advertiser contesting the subpoena, Meta shall have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to that Advertiser. Meta shall not produce information to Plaintiff in response to the subpoena before the expiration of the above 40-day period.

8. Meta shall preserve all subpoenaed information pending Meta's delivery of such information to Plaintiff or the final resolution of a timely-filed motion to quash the subpoena with respect to such information.

This Order disposes of Dkt. No. 16.

**IT IS SO ORDERED.**

Dated: September 26, 2023

JACQUELINE SCOTT CORLEY
United States District Judge