UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY'S BEST, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE FACEBOOK ADVERTISERS LISTED ON SCHEDULE A, et al., <br><br> Defendants. | Case No. 23-cv-04716-JSC <br><br> **ORDER RE: DEFENDANTS' MOTION TO QUASH** <br><br> Re: Dkt. No. 42 |

Plaintiff Betty's Best, Inc., filed an ex parte motion to enjoin the infringement of Plaintiff's intellectual property by 592 Facebook Advertisers. (Dkt. No. 16.)[1] The Court granted Plaintiff leave to subpoena Meta Platforms, Inc. (Meta) for the identifying information of 592 Facebook Advertisers. (Dkt. No. 40.) Before the Court is Certain Defendants' motion to quash the subpoena. (Dkt. No. 42.) Having carefully considered the briefing, and with the benefit of oral argument on January 4, 2024, the Court DENIES the motion. Certain Defendants fail to demonstrate quashal or modification of Plaintiff's Rule 45 subpoena is required or permissible because Certain Defendants' identifying information is neither privileged nor commercial information warranting protection, and the subpoena does not pose an undue burden.

**DISCUSSION**

The Court granted Plaintiff leave to subpoena Meta for the identifying information of 592 Facebook Advertisers, including their names, email addresses, telephone numbers, and physical addresses if available. (Dkt. No. 40 at 1.) Plaintiff contends such identifying information is necessary to serve Defendants. (Dkt. No. 16 at 2, 8, 27-28.) The Court granted each Defendant 30

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

days to contest the subpoena. (Dkt. No. 40 at 2.) Certain Defendants move to quash the subpoena on the grounds Plaintiff already has the information necessary to serve Certain Defendants through *Betty's Best, Inc. v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Docket No. 1:23-cv-22322 (S.D. Fla.) (Florida Action). (Dkt. No. 42 at 4 ("Plaintiff has not identified any information sought from this Subpoena regarding Defendants that it does not already have or cannot readily obtain through the Florida Action.").)

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. "The scope of discovery under Rule 45 is the same as under Rule 26(b)." *Beaver Cnty. Emps. Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-MC-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016). Under Federal Rule of Civil Procedure 26(b), a party may obtain discovery concerning any nonprivileged matter relevant to any party's claim or defense provided it is

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The Court must quash or modify a subpoena requiring disclosure of privileged or protected matter if no exception or waiver applies, or the subpoena poses an undue burden. Fed. R. Civ. P. 45(d)(3)(A). The Court may quash or modify a subpoena requiring disclosure of commercial information. Fed. R. Civ. P. 45(d)(3)(B).

Because Certain Defendants do not assert the subpoena requires disclosure of privileged or protected matter or poses an undue burden, Rule 45(d)(3)(A) does not require quashal or modification of the subpoena. Certain Defendants also do not move to quash on the basis the subpoena requires disclosure of commercial information, which would permit quashal or modification under Rule 45(d)(3)(B). Instead, Certain Defendants argue the subpoena should be quashed because it seeks unnecessary information. (Dkt. No. 42 at 5 ("[Certain] Defendants have already identified themselves.")).

Certain Defendants claim Plaintiff already knows their identity and contact information based on their appearance and corporate disclosure statements in the Florida Action. Defendants

in this action are identified by their Facebook Advertiser accounts, whereas defendants in the Florida Action are identified by their websites.  Certain Defendants are 90 Facebook Advertisers corresponding to 85 websites.  Of all Certain Defendants now moving to quash the subpoena, only 60 are named as corresponding websites in the Florida Action.  *Betty's Best, Inc. v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Docket No. 1:23-cv-22322 (S.D. Fla.).  Thirty Certain Defendants are unnamed in the Florida Action, so the Florida Action provides Plaintiff with no information regarding these 30 Certain Defendants.  Only 55 of the 60 Certain Defendants named as corresponding websites in the Florida Action filed corporate disclosure statements, and none of those corporate disclosure statements provide any contact or physical address information.  *Id*. at Dkt. Nos. 91, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 110, 111, 112, 113, 114, 115.  This directly contradicts Certain Defendants' claim "Plaintiff already knows the identity and contact information regarding Defendants."  (Dkt. No. 42 at 6.)  The Florida Action fails to provide information sufficient for Plaintiff to serve Certain Defendants.

Moreover, Certain Defendants have not authorized their counsel in the Florida Action to accept service for this action.  In essence, Certain Defendants seek to prevent service by suppressing the disclosure of their identifying information.  Good cause thus exists to subpoena Meta for the identifying information of Certain Defendants so Plaintiff may initiate service.  *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008) (applying a "good cause" standard to permit expedited discovery).

Certain Defendants fail to demonstrate quashal or modification of Plaintiff's Rule 45 subpoena is required or permissible because Certain Defendants' identifying information is neither privileged nor commercial information warranting protection, and the subpoena does not pose an undue burden.

//

//

//

3

# CONCLUSION

Accordingly, Certain Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge